**Russell MAHLER, Stelle Mahler, and Russell Mahler, II, Plaintiffs–Appellants,**

**William Mahler, Plaintiff,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Docket No. 01–6102.**

United States Court of Appeals, Second Circuit.

March 14, 2002.

Edwin L. Doernberger, Saxe Doernberger & Vita, P.C., Hamden, CT, for Plaintiffs–Appellants.

Karen D. Utiger, John A. Danaher, III, United States Attorney, of counsel, Eileen J. O'Connor, Assistant Attorney General and Richard Farber, United States Department of Justice, Tax Division, Washington, DC, on the brief, for Defendant–Appellee.

Present CALABRESI, CABRANES, Circuit Judges, and PRESKA,* District Judge.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiffs–Appellants, Russell Mahler ("Mr. Mahler, Sr."), Stelle Mahler ("Mrs. Mahler") and Russell Mahler, II ("Mr. Mahler, Jr."), appeal from a judgment rendered in favor of Defendant United States of America (the "Government") in the United States District Court for the District of Connecticut (Underhill, *J.*).

Because Nutmeg Farms, Inc. ("Nutmeg") had failed to pay a substantial amount of its employee withholding taxes, the Internal Revenue Service ("IRS") made assessments, pursuant to § 6672 of the Internal Revenue Code, 26 U.S.C. § 6672, against four individuals connected to the company—Mrs. Mahler, Mr. Mahler, Jr., Mr. Mahler, Sr., and William Mahler (collectively, "Plaintiffs"). Plaintiffs each paid part of the assessed amounts. Then, on December 26, 1995, Plaintiffs filed a suit in the United States District Court for the District of Connecticut seeking a refund of the taxes paid thus far on the ground that, under the statute, they were not liable for Nutmeg's tax liability. The Government filed a counter-claim for the balance of the assessments. The cases were consolidated for trial. On October 3, 2000, following a bench trial, Judge Underhill entered judgment, and on February 28, 2001, the court entered an amended judgment. These held that Mr. Mahler Jr., Mr. Mahler, Sr., and Mrs. Mahler

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

were "responsible persons" who had willfully failed to pay the taxes in question and were therefore liable for the as yet unpaid portion of the assessments imposed under § 6672.[1] The court held that William Mahler was not liable. Mr. Mahler, Jr., Mr. Mahler, Sr., and Mrs. Mahler (collectively, "Appellants" or the "Mahlers") appeal from the district court's decision.

## BACKGROUND

The relevant facts and procedural history of this case are set forth in detail in the district court's opinion.[2] *See Mahler v. United States*, 121 F.Supp.2d 179 (D.Conn. 2000).

On appeal, the Mahlers make two principal claims. First, they contend that they demonstrated to the district court that some tax payments made by Nutmeg had not been applied properly by the IRS. Since, they assert, this showed that the amount of the assessments was incorrect, the burden of proof shifted to the IRS to present the correct amounts owed. Because the Government did not provide any additional evidence as to the correct amounts, the Mahlers conclude that judgment should have been entered in their favor. Second, the Mahlers maintain that, under § 6672, the district court incorrectly determined both that Mrs. Mahler and Mr. Mahler, Sr. were "responsible persons" for the payment of the taxes owed by Nutmeg, and that their failure to pay the taxes was

willful. We reject the Mahlers' arguments and affirm the judgment of the district court.

## DISCUSSION

The bulk of the Mahlers' appeal focuses on alleged errors in the amounts of the assessments. The first putative error relates to an agreement between Nutmeg and the IRS as a result of which the IRS was bound to apply tax payments made by Nutmeg to Nutmeg's employee withholdings tax liability (instead of to its other tax liabilities) so long as Nutmeg made periodic payments of $20,000 and kept current on its withholding taxes. As evidence that the assessed amounts were incorrect, the Mahlers point to a $20,000 payment made to the IRS on September 20, 1990 that was not applied to the withholding tax liability. The district court found that the agreement existed, but it also held that Nutmeg had previously breached that agreement by failing to remain current on the withholding taxes. 121 F.Supp.2d at 186. We see no error in the district court's decision.

The IRS's alleged failure to apply, in a timely fashion, the payments made by Nutmeg to its account provides the basis for the Mahlers' second argument of error in the assessments. The Mahlers suggest that these delays caused accruals of penalties and interest on the withholding tax liability, and hence incorrect assessments. But, in fact, the Mahlers have failed to

---

1. The assessment amount was modified based on an error in calculation identified by the district court. That error and adjusted amount are not relevant to this appeal.

2. After judgment was entered, the Mahlers filed a motion, on October 18, 2000, to alter or amend the judgment pursuant to Fed. R.Civ.P. 59(e). They contended that the court had incorrectly applied the burden of proof. On the same date, the Government moved that the judgment be amended to specify that the judgment amounts were to include the

interest accrued on the assessments. On February 7, 2001, the district court denied the Mahlers' motion to amend the judgment without opinion and granted the Government's motion to amend the judgment. On February 28, 2001, the court issued an amended judgment clarifying that the Mahlers must also pay interest on the assessments. This interest, of course, raises a totally different issue from that involved in the Mahlers' claim of incorrect assessments discussed *infra*.

show that any penalties and interest of the sort they challenge were included in the IRS assessments. The Government, moreover, asserts that, under § 6672, the liability of "responsible persons" extends only to the amount of the tax evaded and does not contemplate charging to individuals the corporation's liability for interest and penalties accruing on late payments of the withholding taxes. If interest and penalties were not included in the assessments, then even assuming the delays that the Mahlers allege, such delays could not have led to errors in the assessed amounts.

With respect to the Mahlers' other contentions, we affirm substantially for the reasons given by the court below. The judgment of the district court is therefore, AFFIRMED.